IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action **No. 09-cr-301-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**4.    MARK ROSALEZ.**

    Defendant.

ORDER

**Kane, J.**

    This matter is currently before me on Defendant Rosalez's Motion for a New Trial (doc. 899). Defendant Rosalez seeks a new trial on Count 1, conspiracy to commit assault, based on an alleged insufficiency of evidence that he joined a conspiracy to assault Pablo Zuniga Garcia. He seeks a new trail on Count 2, Murder in the Second Degree, based upon allegedly erroneous jury instructions regarding that crime. I address each argument in turn.

ANALYSIS

*Count 1:  Conspiracy to Commit Assault*

    Defendant Rosalez argues that he is entitled to a new trial on the basis of Federal Rule of Criminal Procedure 33, which provides that, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." As the government notes, however, "because of this rare intrusion upon the otherwise exclusive province of the jury, the Tenth Circuit has emphasized that such a motion 'is regarded with disfavor and should only be granted with great caution.'" United States' Response to Defendant Rosalez's Motion and

Brief for New Trial (doc. 907) at 2 (quoting *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999)).  I may not substitute my judgment for that of the jury because I might have reached a different result; the relief Defendant Rosalez seeks would only be proper if I found that the evidence, taken as a whole, weighed so heavily against the jury's verdict as to cause a "serious miscarriage of justice."[1]  *See Tibbs v. Florida*, 457 U.S. 31, 38 n. 11 (1982).  Defendant Rosalez has failed to make the requisite showing, and his motion for a new trial on Count 1 is DENIED.

*Count 2:  Murder in the Second Degree*

Defendant Rosalez next argues that he is due a new trial because I provided the jury with allegedly erroneous instructions on "aiding and abetting" and "*Pinkerton*" liability.  Despite Defendant Rosalez's best attempts to resuscitate this argument, he raises no new grounds that lead me to reconsider my previous rulings denying his objections.  Although "aiding and abetting" requires specific intent, it does not follow that the government needs to show that Defendant Rosalez had specific intent for a death to occur in order to adequately prove that he aided and abetted the commission of second-degree murder, a crime which requires only general intent requiring only malice aforethough.  He need only have had specific intent to aid and abet the underlying offense – in this case the assault which led to Mr. Zuniga Garcia's death.

Furthermore, *Pinkerton* liability attaches for all criminal acts within the scope of the conspiracy, if the acts could be "reasonably foreseen as a necessary or natural consequence of the unlawful agreement."  *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946).  My instruction to the jury is consistent with this case as well as established precedent in this Circuit.

---

[1] This finding is not limited strictly to the evidence adduced at trial.  Were I to find that racial or ethnic bias or animus had influenced the jury's verdict, Defendant's motion for a new trial would be proper.

*See United States v. Cherry*, 217 F.3d 811, 817 (10th Cir. 2000) (quoting *United States v. Russell*, 963 F.2d 1320, 1322 (10th Cir. 1992)).  Finally, there are no due process concerns implicit in my instruction of the jury on a theory of *Pinkerton* liability because the death of the victim resulted from the very incident that was at the heart of the charged conspiracy – the assault of Pablo Zuniga Garcia.  Accordingly, Defendant Rosalez's motion for a new trial on Count 2 is DENIED.

## CONCLUSION

The essence of this motion, and my order, is best summarized by the government's summation of this case in its brief:

> Here, four armed men went into a confined area and attacked a single unarmed man.  The attack was orchestrated and organized in advance.  As demonstrated by the evidence at trial, Defendant Rosalez aided and abetted that assault by, at a minimum, procuring a lookout and counseling some of the attackers in advance of the attack.  The victim died of head injuries sustained in that assault.  Therefore, his death was a direct consequence of the criminal venture that defendant Rosalez intentionally and knowingly facilitated through his action.

There was sufficient evidence for the jury to find Defendant Rosalez guilty of the crimes with which he was charged, and the jury was properly instructed as to the nature of those charges.  Accordingly, his Motion for a New Trial is DENIED.

Dated:  July 22, 2011                                    BY THE COURT:

                                                         **/s/ John L. Kane**
                                                         Senior U.S. District Judge